**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BANK OF AMERICA, N.A.**                                                      **PLAINTIFF**

**V.**                         **4:07CV01084-WRW**

**THEODORE M. JENNEY and
STANLEY J. CHIRAS**                                                  **DEFENDANTS**

**ORDER AND JUDGMENT**

Before the Court is a Motion for Entry of Judgment by Default pursuant to Fed. R. Civ. P. 55(b)(2) ("Motion") against Defendants Theodore M. Jenney ("Jenney") and Stanley J. Chiras ("Chiras" and, collectively with Jenney, "Defendants") (Doc. #15) filed by Plaintiff, Bank of America, N.A., a national banking association ("Bank of America").

Bank of America has brought this breach of guaranty action arising from each of the Defendants' alleged failure to honor written guaranties securing certain obligations of Defendants' former company, Diaz Intermediates, Inc. Each of the Defendants was served with the Complaint and Summons and each failed to plead or otherwise defend or appear in this action. On January 8, 2008, the Clerk entered a default against both Defendants pursuant to Fed. R. Civ. P. 55(a). *See* Doc. # 13 and # 14.

By its Motion, Bank of America now seeks entry of a judgment by default pursuant to Fed. R. Civ. P. 55(b)(2). Because the Clerk has entered a default against both Jenney and Chiras, the prerequisite for entry of judgment by default under Fed. R. Civ. P.

55(b) has been satisfied.[1]  In light of each Defendants' failure to file an answer or otherwise defend this action, Bank of America is entitled to entry of default judgment against Defendants and the motion is GRANTED.[2]

Once a default is entered, as it has in this case, a "defendant is deemed to have admitted all well pleaded allegations in the complaint."[3]  Although the Court has the option of holding an evidentiary hearing to establish damages, the Court may also dispense with such a hearing where the facts on record necessary for entry of judgment are already established.  Based on the well-pled allegations in the Complaint and the affidavit of Michael J. Hammond that was submitted in connection with the Motion, Bank of America has established to the Court's satisfaction the damages associated with

---

[1] *See Inman v. American Home Furniture Placement*, 120 F.3d 117, 118 n.2 (8th Cir. 1997) ("Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)."). *See also* 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

[2] *See, e.g., Axis Capital, Inc. v. Krpata*, No. 4:07-CV-136, 2007 U.S. Dist. LEXIS 81673, *5 (E.D.N.C. Nov. 2, 2007) (entering judgment by default against defendants who failed to file an answer or otherwise defend breach of guaranty action); *SunTrust Bank v. G.R. Auto Supply, Inc.*, No. 1:07-cv-1061, 2007 U.S. Dist. LEXIS 55280, *3 (N.D. Ga. July 30, 2007) (entering judgment by default against defendants who failed to answer or otherwise defend breach of guaranty action and calculating damages as required by loan agreement).

[3] *Taylor v. City of Baldwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (internal quotations omitted). *See also Bricklayers' Union Local No. 1 v. Dietrich Masonry, LLC*, No. 4:07-CV-1469, 2008 U.S. Dist. LEXIS 1111, *7 n.1 (E.D. Mo. January 7, 2008) ("Because of the defendant's default, the unopposed allegations of the complaint are deemed to be true.").

Defendants' breach of the written guaranties and an evidentiary hearing on same is not necessary.

The record provides a sufficient basis to fix the amount that Bank of America is lawfully entitled to recover against the Defendants.  The record establishes the following facts:  The Credit Agreement and Notes provide that Bank of America loaned Diaz Intermediates $6.5 million.  *See* Hammond Ex. A (Credit Agreement); Hammond Ex. B (Term Note); Hammond Ex. C (Revolving Credit Note).  The Notes specifically describe the interest computations that are applicable to the loans made under the Credit Agreement.  *See* Hammond Ex. A (Term Note); Hammond Ex. B (Revolving Credit Note).  The record establishes that by January 2007, Diaz Intermediates had begun defaulting under the terms of certain covenants in the Credit Agreement.  *See* Hammond Aff. ¶ 14; Hammond Ex. F (January 22, 2007 Letter) (enumerating Diaz's defaults).

On May 18, 2007, Bank of America elected to accelerate the outstanding principal due under the Notes, as it was entitled to do in light of Diaz Intermediates' continuing defaults.  *See* Hammond Ex. G (May 18, 2007 Letter; Hammond Ex. A (Credit Agreement) § 15.3.2 (authorizing Bank of America to accelerate the loans).  At that time, Bank of America demanded that Defendants satisfy their obligations under the Guaranties.  *See* Hammond Aff. ¶ 17; Hammond Ex. G (May 18, 2007 Letter).  Defendants, however, have never paid any amounts to Bank of America on account of the Guaranties.  *See* Hammond Aff. ¶¶ 18, 22.

As of January 25, 2008, $2,619,758.86 of unpaid principal remained outstanding under the Term Note, and $1,363,157.74 of unpaid principal remained outstanding under

3

the Revolving Credit Note. *See* Hammond Aff. ¶ 19. As of January 25, 2008, and currently accruing at a variable rate of LIBOR plus 3.75[4], $114,973.84 of interest is due and owing under the Term Note, and $57,779.43 is due and owing under the Revolving Credit Note. *Id*. at ¶ 20.

Therefore, as of January 25, 2008, the total amount of principal and interest due and owing under the Term Note and Revolving Credit Note is $4,409,696.37, exclusive of accrued interest since January 25, 2008, and certain costs and expenses, including attorneys' fees. The Guaranties limited each Defendant's liability to 50% of the Guaranteed Obligations. *See* Hammond Ex. D (Guaranty Agreement) at 1; Hammond Ex. E (Guaranty Affirmation) at 1. As such, each Defendant is liable for $2,204,848.18. Judgment is hereby awarded in favor of Bank of America and against Theodore M. Jenney in the amount of $2,204,848.18. In accordance with 28 U.S.C. § 1961(a), post-judgment interest shall accrue on said judgment amount at the rate of 1.88 % from the date hereof. Judgment is hereby awarded in favor of Bank of America and against Stanley J. Chiras in the amount of $2,204,848.18. In accordance with 28 U.S.C. § 1961(a), post-judgment interest shall accrue on said judgment amount at the rate of 1.88 % from the date hereof.

---

[4] The interest rate for both the Term Note and Revolving Credit Notes is variable and governed by the terms of a "LIBOR Rate Addendum" which is attached to both notes. *See* Hammond Ex. B (Term Note) and Ex. C (Revolving Credit Note). By the addenda, borrowings under the Notes bear interest at a monthly-adjusted rate set by Bank of America (known as the LIBOR Funding Rate), plus the "applicable margin as determined in accordance with the Note[s]" which the record shows to be 3.75.

4

IT IS SO ORDERED this 30${}^{th}$ day of April, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE